IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ROBERT ARNOLD SHARPE, JR.; | : | |
| Plaintiffs | : | |
| VS. | : | CIVIL ACTION NO.: 7:10-CV-77 (HL) |
| District Attorney KATHY HELMS; | : | |
| Investigator REGINA WILKERSON; | : | |
| Judge ELIZABETH CARTER; | : | |
| Investigator WAYNE LUKE; | : | |
| | : | **ORDER** |
| Defendants | : | |

Plaintiff **ROBERT ARNOLD SHARPE, JR.**, a pretrial detainee at the Berrien County Jail in Nashville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff also sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). In a previous Order dated September 2, 2010, the Court granted this motion. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order

to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." **Carroll v. Gross**, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also **Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "*[p]ro*

2

*se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

### III. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that he was arrested on June 11, 2010 pursuant to warrant 10-164-FW. He complains that Kathy Helms failed to take him before a judicial officer within 48 or 72 hours of this arrest. He alleges that he was coerced by Investigators Wilkerson and Luke into applying for a public defender.

Plaintiff is apparently charged with child molestation, but he claims that he had no contact with his daughter during the time in question. Plaintiff explains that he was in jail

in Texas serving a 90 day sentence from March 2009 until June 2009 and that his daughter was in the custody of the State. Therefore, according to plaintiff, he could not have committed the crime.

Plaintiff states that Judge Elizabeth Carter "expressed her opinion" regarding the case during a bond hearing in which she set bond at $50,000 cash when a property bond would have been sufficient. Plaintiff seems to complain that she issued rulings that were not favorable to him when he filed a motion to suppress evidence and a motion to quash the warrant.

Plaintiff requests $150,000 in damages "and for the people that are involved in this to resign or get fired."

As an initial matter, the Court notes that it cannot force these defendants to resign, nor does it have authority to terminate their employment.

In relation to plaintiff's claim that he was not taken before a judicial officer following his arrest, courts have explained as follows:

> The fourth amendment . . . "requires the States to provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty." But "since the probable cause standard for pretrial detention is the same as that for arrest, a person arrested pursuant to a warrant issued by a magistrate on a showing of probable-cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial."

**Jackson v. Hamm**, 78 F. Supp. 2d 1233, 1238 (M. D. Ala. 1999)(quoting **Baker v. McCollan**, 443 U.S. 137, 142-43 (1979)).

Therefore, because plaintiff's arrest was pursuant to a warrant, he is not entitled, under the fourth amendment, to a separate probable cause hearing following his arrest. Therefore, plaintiff has no claim under the Fourth Amendment, as applied to the States through the Fourteenth Amendment. Moreover, "[p]laintiff's claim that the denial of his demand for a

4

preliminary hearing violated rights guaranteed to him under the Due Process Clause of the Fourteenth Amendment has been foreclosed by applicable . . . precedent." *Stephenson v. Gaskins*, 539 F.2d 1066, 1068 n.1 (5th Cir. 1976)(explaining that the failure to take a person arrested pursuant to a warrant before a magistrate judge is not a federal constitutional issue").

Plaintiff also claims that Judge Carter should not have set his bail at $50,000 cash and that she has ruled against him on several issues. However, Judge Carter is "entitled to absolute judicial immunity from damages for those acts taken while [she is] acting in [her] judicial capacity unless [she] acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotations and citations omitted). In this case, Judge Carter was "acting in [her] judicial capacity" as she held proceedings to set plaintiff's bail and as she dealt with his various motions. *See Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005)("Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judges chamber or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.") Additionally, there is no indication that Judge Carter did not have jurisdiction over the bail proceedings. Therefore, she was not acting in the "clear absence of all jurisdiction." *Id.* Finally, judicial immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239.

Additionally, the Court notes that District Attorney Helms has absolute immunity from suit under 42 U.S.C. § 1983 when acting within her jurisdictional scope. *Imbler v. Pachtman*, 424 U.S. 409 (1975). "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is

5

immune from a civil suit for damages." *Id*. at 431.

Plaintiff claims that the two investigators "coerced" him into applying for a public defender. Plaintiff gives no additional details and the Court fails to see how this violates plaintiff's constitutional rights. Both the Georgia Constitution and the Constitution of the United States provide that a person charged with a crime is entitled to legal representation. Moreover, denial of counsel has been held to violate the due process clause of the Federal Constitution. ***Powell v. Ala.***, 287 U. S. 45 (1932). If plaintiff cannot afford to hire his own counsel, he is entitled to have one appointed to represent him. ***See Bibb County v. Hancock***, 211 Ga. 429 (1955). If plaintiff can afford to hire his own counsel, he is presumably free to do so. If plaintiff is dissatisfied with his appointed representation, his remedy does not lie in the filing of a 42 U.S.C. § 1983 action in this Court. It is well settled that allegations against criminal defense attorneys, court appointed or privately retained, do not state claims under 42 U.S.C. § 1983 because such attorneys do not act under "color of state law" when they act as attorneys for criminal defendants. ***See Nelson v. Stratton***, 469 F.2d 1155 (5th Cir. 1972); ***O'Brien v. Colbath***, 465 F.2d 358 ( 5th Cir. 1972)(explaining that "§ 1983 was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys").[1]

As this Court previously explained to plaintiff in ***Sharpe v. Berrien County District Attorney***, 7:10-CV-55 (HL), ***Younger v. Harris***, 401 U.S. 37 (1971) prevents this Court from interfering with ongoing state court criminal proceedings. ***Younger*** precludes involvement when the following conditions exist: (1) a state judicial action is pending; (2) the pending action implicates important state interests; and (3) the state action is capable of addressing

---

[1] In ***Bonner v. City of Pritchard***, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

the federal constitutional question. ***See Lee v. City of Rome, Ga.***, 866 F. Supp. 545, 549 (N.D. Ga. 1994). Each of these requirements is satisfied in this case and, therefore, the Court must abstain from interfering in plaintiff's ongoing criminal prosecution in Georgia

Based on the foregoing, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 5th day of October, 2010.

*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

lnb